Nathan Matthews (SBN 264248)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5695 | Fax: (510) 208-3140
nathan.matthews@sierraclub.org

Casey Roberts (SBN 253474)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
1536 Wynkoop Street, Suite 200
Denver, CO 80202
Telephone: (303) 454-3355 | Fax: (303) 572-0032
casey.roberts@sierraclub.org
**Counsel for Plaintiff Sierra Club**

Benjamin Michael Levitan (admitted *pro hac vice*)
ENVIRONMENTAL DEFENSE FUND
1875 Connecticut Avenue, N.W. Suite 600
Washington, DC 20009
Telephone: (202) 572-3318 | Fax: (202) 234-6049
blevitan@edf.org

Alex George Hanafi (SBN 200418)
ENVIRONMENTAL DEFENSE FUND
123 Mission Street
San Francisco, CA 94105
Telephone: (202) 572-3260 | Fax: (415) 293-6051
ahanafi@edf.org
**Counsel for Plaintiff Environmental Defense Fund**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB and ENVIRONMENTAL DEFENSE FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF ENERGY, <br><br> Defendant. | Case No. 3:18-cv-04715-TSH <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE THE FEBRUARY 25, 2019 JOINT STIPULATION AND COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PROPOSED ORDER** <br><br> Date: June 6, 2019 <br> Time: 10:00 a.m. <br> Courtroom: A, 15th Floor <br> U.S. District Courthouse <br> 450 Golden Gate Avenue <br> San Francisco, California <br> Hon. Thomas S. Hixson |

# NOTICE OF MOTION AND MOTION TO ENFORCE THE FEBRUARY 25, 2019 JOINT STIPULATION AND COMPEL PRODUCTION OF DOCUMENTS

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 6, 2019, at 10:00 a.m. in Courtroom A, 15th Floor, of the U.S. District Courthouse, 450 Golden Gate Avenue, San Francisco, California, before Honorable Thomas S. Hixson, Plaintiffs Sierra Club and Environmental Defense Fund will, and hereby do, move the Court to enforce the parties' February 25, 2019 Joint Stipulation Regarding Production ("February Joint Stipulation"), ECF No. 32, between Plaintiffs and Defendant U.S. Department of Energy ("Defendant" or "DOE").

Plaintiffs request that the Court enforce the parties' February Joint Stipulation by ordering DOE to promptly release overdue final productions for two requests for records submitted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Under the February Joint Stipulation, Defendant committed to "finalize its production to the [pending] FOIA requests on or before April 30, 2019."[1] February Joint Stipulation at 2, ECF No. 32. However, on that date, Plaintiffs received final production for only one of the three FOIA requests at issue. With respect to the two other requests, DOE violated the clear terms of the February Joint Stipulation, which DOE expressly agreed would "be binding and enforceable in this Court." *Id.* Plaintiffs therefore respectfully move the Court for an Order requiring that DOE complete production for the outstanding FOIA requests, to which DOE has assigned tracking numbers HQ-2018-00900-F and HQ-2018-00883-F, not more than one week from the Court's Order.

This Motion to Enforce the February Joint Stipulation and Compel Production of Documents is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the February Joint Stipulation, the pleadings and other papers on file in this action, and all other matters as may be presented to the Court at or before the time this Motion is deemed submitted by the Court.

---

[1] This motion does not cover two other FOIA requests, Nos. HQ-2018-00985-F and HQ-2018-00901-F, that were included in Plaintiffs' complaint but for which DOE has since provided its final production.

PLAINTIFFS' MOTION TO ENFORCE THE FEBRUARY 25, 2019 JOINT STIPULATION AND COMPEL PRODUCTION OF DOCUMENTS
18-CV-04715 TSH                                                        2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   ISSUES TO BE DETERMINED

Whether the Court should enforce the February Joint Stipulation and compel Defendant to make final production of documents in response to Plaintiffs' two remaining FOIA requests given Defendant's failure to meet the binding and enforceable stipulated deadline.

## II.   BACKGROUND

Plaintiffs Sierra Club and Environmental Defense Fund each submitted two requests under FOIA during March and April of 2018 to DOE, seeking DOE records related to the Trump Administration's efforts to subsidize uneconomic coal-powered electric generation at the expense of more affordable energy sources.[2] The Administration's efforts would increase electricity costs to the American public by undermining competitive power markets, exacerbate climate change by increasing greenhouse gas pollution, and damage public health by increasing other types of harmful pollution. As detailed in the Complaint, ECF No. 1, Plaintiffs' FOIA requests seek records that could significantly increase public understanding about these efforts. The release of these documents remains urgent, as the Administration's efforts could be finalized and implemented with little to no public notice.[3] Yet DOE has repeatedly failed to meet both statutorily mandated production deadlines and negotiated production schedules, including the schedule to which it committed before this Court.

---

[2] The remaining FOIA requests at issue are Sierra Club's March 30, 2018 request, No. HQ-2018-00883-F, and Environmental Defense Fund's April 4, 2018 request, No. HQ-2018-00900-F.

[3] This concern derives from several recent Administration actions. In 2017, without prior notice, DOE proposed that the Federal Energy Regulatory Commission change the pricing rules for wholesale electric generation to provide profit guarantees to coal and nuclear plants. DOE sought a thirteen-day public comment period for the previously unannounced proposal. Grid Reliability and Resiliency Pricing, 82 Fed. Reg. 48,013 (Oct. 16, 2017). That same year, DOE ordered production of a study examining, *inter alia*, the role of coal-fired electric generation in the electric grid, but did not provide a formal comment period through the Federal Register. U.S. Dep't of Energy, Staff Report to the Secretary on Electric Markets and Reliability (2017). President Trump also ordered DOE Secretary Rick Perry, without prior notice to the public, to "prepare immediate steps to stop the loss of [coal and nuclear] resources." Jennifer A. Dlouhy, *Trump Orders Action to Stem Coal, Nuclear Plant Shutdowns*, Bloomberg News (June 1, 2018), https://www.bloomberg.com/news/articles/2018-06-01/trump-orders-perry-to-stem-coal-nuclear-power-plant-closures-jhw8smiv (quoting email statement from White House Spokeswoman Sarah Sanders).

### A. DOE's Failure to Meet the April 30, 2019 Stipulated Deadline

In an effort to seek an amicable resolution to this action, on February 25, 2019, the parties signed a Joint Stipulation pursuant to Civil Local Rule 6-1, setting a production deadline for the three outstanding FOIA requests. February Joint Stipulation at 2, ECF No. 32. In contrast to previous "expect[ed]" production dates asserted—but not honored—by DOE in past stipulations before the Court, the February Joint Stipulation provided certainty, with DOE agreeing that it would "finalize its production to the three [remaining] FOIA requests on or before April 30, 2019." *Id.* The February Joint Stipulation additionally stated that "such deadline will be binding and enforceable in this Court." *Id.*

However, on April 30, 2019, DOE violated the express, binding commitment it made before this Court. While DOE provided a final response to one FOIA request on that date, final productions for two of the FOIA requests remain outstanding.[4]

### B. DOE's Previous Failures to Meet Deadlines for Determination and Production

Plaintiffs relied upon the February Joint Stipulation, which was drafted and agreed to following DOE's prior failure to meet an expected, agreed-upon deadline for providing final responses to Plaintiffs' FOIA requests. Previously, Plaintiffs twice agreed to extend DOE's answer deadline on the understanding that DOE would complete its final production of records by December 21, 2018. First, on September 10, 2018, DOE stipulated that it "expect[ed] to complete" responses to all of the FOIA requests at issue "by December 21, 2018," and Plaintiffs agreed to extend the answer deadline until October 31, 2018. Joint Stipulation at 1, Sept. 10, 2018, ECF No. 14. Second, on October 31, 2018, DOE again stipulated that it "expect[ed] to complete its responses" to all FOIA requests at issue "by December 21, 2018," and Plaintiffs agreed to extend the answer deadline until January 4, 2019. Joint Stipulation at 1, Oct. 31, 2018, ECF No. 20. Despite issuing occasional interim productions, DOE failed

---

[4] *See* Letter from Alexander C. Morris, Department of Energy, to Benjamin Levitan, Environmental Defense Fund, regarding HQ-2018-00901-F (undated, received Apr. 30, 2019) (explaining that DOE was providing a "final response" to this FOIA request) (attached hereto as Exhibit A); Letter from Alexander C. Morris, Department of Energy, to Benjamin Levitan, Environmental Defense Fund, regarding HQ-2018-00900-F (Apr. 30, 2019) (explaining that DOE was providing a "partial response" to this FOIA request) (attached hereto as Exhibit B); Letter from Alexander C. Morris, Department of Energy, to Lauren Hogrewe, Sierra Club, regarding HQ-2018-00883-F (Apr. 30, 2019) (explaining that DOE was providing a "partial response" to this FOIA request) (attached hereto as Exhibit C).

to meet the expected December 21, 2018 final production date. As described in DOE's Answer, as of February 5, 2019, it had still only provided a final production for one of the four FOIA requests covered by the Complaint. Answer ¶¶ 45, 50, 60, 67, ECF No. 28.

DOE likewise failed to meet statutorily-mandated response deadlines under FOIA prior to litigation. FOIA requires that federal agencies "promptly" release information to the public upon request, 5 U.S.C. § 552(a)(3)(A), and that agencies issue a determination as to whether to comply with a request within 20 working days of receiving the request, *id.* § 552(a)(6)(A)(i). The two outstanding FOIA requests were filed on March 30, 2018, and April 4, 2018, triggering determination deadlines of April 27, 2018, and May 2, 2018, respectively. Compl. ¶¶ 46, 67, ECF No. 1. DOE failed to complete determinations for these requests—or to complete production of responsive records—within the statutory deadlines or at any time thereafter. DOE's violation of FOIA's mandatory deadlines was the cause of action for the Complaint, and DOE has continued to violate production deadlines since Plaintiffs initiated this litigation.

### III.  ARGUMENT

#### A.  The Stipulation Should Be Enforced

The Ninth Circuit is clear that stipulations should be enforced: "Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). "Courts thus enforce stipulations as a general rule." *U.S. v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976). This Court has recognized that "[n]ormally a party is bound by his stipulations as a stipulation . . . is akin to a contract." Order Granting Plaintiffs' Motion to Quash, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 U.S. Dist. LEXIS 23732, *15 (N.D. Cal. Feb. 24, 2014) (citation omitted).

After failing to meet the statutorily imposed FOIA deadlines, as well as the "expect[ed]" deadline upon which Plaintiffs relied when agreeing to extend Defendant's time to file its answer, on February 25, 2019, Defendant made a voluntary and informed decision to enter a joint stipulation that is "binding and enforceable in this Court." That agreement required DOE to make a final production for each of the three outstanding FOIA requests by April 30, 2019—roughly a year after the statutorily

PLAINTIFFS' MOTION TO ENFORCE THE FEBRUARY 25, 2019 JOINT STIPULATION AND COMPEL PRODUCTION OF DOCUMENTS
18-CV-04715 TSH                           5

required deadline. Defendant cannot make a showing that the February Joint Stipulation was involuntary or uninformed, and it cannot show that it inadvertently agreed to the February Joint Stipulation's terms. Therefore, the Court should enforce the February Joint Stipulation and compel production of the documents in accordance with the attached proposed Order.

### B. A Court-Ordered Production Schedule Is Necessary

In the nearly nine months since Plaintiffs filed the Complaint, they have repeatedly sought to resolve this matter through good-faith negotiations and without resorting to Court-ordered relief. At every instance, Plaintiffs conveyed the urgency of the request. At every instance, DOE negotiated a production schedule upon which Plaintiffs relied. At every instance, DOE broke the negotiated and agreed-to production schedule and its commitments to Plaintiffs. DOE has failed to meet agreed- and relied-upon outcomes, and Plaintiffs thus now seek relief from this Court.

Plaintiffs move the Court for an Order enforcing the February Joint Stipulation and requiring that DOE imminently issue its final responses to the two remaining FOIA requests, Nos. HQ-2018-00900-F and HQ-2018-00883-F. As the stipulated deadline has already passed, Plaintiffs respectfully request that the Court order such final productions be completed not more than one week from the Court's Order. That would provide ample time for DOE to finalize productions that should already be well underway, consistent with the urgent need for DOE to produce the requested records.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs Sierra Club and Environmental Defense Fund respectfully move this Court to enforce the February Joint Stipulation by entering an order compelling a final production of documents not more than one week from the Court's Order, and to issue any further relief that the Court deems appropriate.

Dated: May 1, 2019                    Respectfully Submitted:

                                       */s/* Nathan Matthews

                                       Nathan Matthews (SBN 264248)
                                       Sierra Club Environmental Law Program
                                       2101 Webster Street, Suite 1300
                                       Oakland, CA 94612
                                       Telephone: (415) 977-5695


Fax: (510) 208-3140
nathan.matthews@sierraclub.org

Casey Roberts (SBN 253474)
Sierra Club Environmental Law Program
1536 Wynkoop Street, Suite 200
Denver, CO 80202
Telephone: (303) 454-3355
Fax: (303) 572-0032
casey.roberts@sierraclub.org

**Counsel for Plaintiff Sierra Club**

Benjamin Michael Levitan (admitted *pro hac vice*)
Environmental Defense Fund
1875 Connecticut Avenue, N.W. Suite 600
Washington, DC 20009
Telephone: (202) 572-3318
Fax: (202) 234-6049
blevitan@edf.org

Alex George Hanafi (SBN 200418)
Environmental Defense Fund
123 Mission Street
San Francisco, CA 94105
Telephone: (202) 572-3260
Fax: (415) 293-6051
ahanafi@edf.org

**Counsel for Plaintiff
Environmental Defense Fund**

Nathan Matthews (SBN 264248)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5695 | Fax: (510) 208-3140
nathan.matthews@sierraclub.org

Casey Roberts (SBN 253474)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
1536 Wynkoop Street, Suite 200
Denver, CO 80202
Telephone: (303) 454-3355 | Fax: (303) 572-0032
casey.roberts@sierraclub.org
**Counsel for Plaintiff Sierra Club**

Benjamin Michael Levitan (admitted *pro hac vice*)
ENVIRONMENTAL DEFENSE FUND
1875 Connecticut Avenue, N.W. Suite 600
Washington, DC 20009
Telephone: (202) 572-3318 | Fax: (202) 234-6049
blevitan@edf.org

Alex George Hanafi (SBN 200418)
ENVIRONMENTAL DEFENSE FUND
123 Mission Street
San Francisco, CA 94105
Telephone: (202) 572-3260 | Fax: (415) 293-6051
ahanafi@edf.org
**Counsel for Plaintiff Environmental Defense Fund**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB and ENVIRONMENTAL DEFENSE FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF ENERGY<br><br>Defendant. | Case No. 3:18-cv-04715-TSH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE FEBRUARY 25, 2019 JOINT STIPULATION AND COMPEL PRODUCTION OF DOCUMENTS** |

# [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion to Enforce the February 25, 2019 Joint Stipulation and Compel Production of Documents and the Memorandum of Points and Authorities in support of that Motion, Plaintiffs' Motion is GRANTED. Defendant is hereby ORDERED to make its final production of documents in response to Sierra Club's March 31, 2018 Freedom of Information Act request (HQ-2018-00883-F) and Environmental Defense Fund's April 4, 2018 Freedom of Information Act request (HQ-2018-00900-F) on or before _____, 2019.

SO ORDERED.

Dated: _____                    _____
                                            HON. THOMAS S. HIXSON
                                            United States Magistrate Judge