# EXHIBIT A



**Department of Energy**
Washington, DC 20585

Mr. Benjamin Levitan
Environmental Defense Fund
1875 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20009

Via email: blevitan@edf.org

Re: HQ-2018-00901-F

Dear Mr. Levitan:

This letter is our final response to the request for information that you sent to the Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You requested the following:

> Environmental Defense Fund ("EDF") respectfully requests records . . . concerning the initiation, preparation, drafting, publishing, and distribution of "Reliability, Resilience and the Oncoming Wave of Retiring Baseload Units," authored by the National Energy Technology Laboratory ("NETL") and released to the public on March 27, 2018[.]

> Specifically, EDF requests that DOE search the records of NETL for correspondence regarding the NETL Report or the topics discussed therein. For this request, we request that DOE search the records of the following custodians:
> - Peter Balash;
> - Ken Kern;
> - John Brewer;
> - Justin Adder;
> - Christopher Nichols;
> - Gavin Pickenpaugh;
> - Erik Shuster; and
> - Any other NETL employee or contractor involved in initiating, preparing, drafting, publishing, or distributing the NETL Report.

> For correspondence with:
>
> - Rick Perry, Secretary of Energy;
> - Dan Brouillette, Deputy Secretary;



- Brian McCormack, Chief of Staff;
- Catherine Jereza, Principal Deputy Assistant Secretary, Office of Electricity Delivery and Energy Reliability;
- Patricia Hoffman, Deputy Assistant Secretary, Office of Electricity Delivery and Energy Reliability;
- Paul Dabbar, Under Secretary for Science and Energy;
- Bruce Walker, Assistant Secretary of Office of Electricity and Energy Reliability;
- Steve Winberg, Assistant Secretary of Fossil Energy;
- Travis Fisher, former Senior Advisor at DOE;
- Any employee, contractor or representative of FirstEnergy; and
- Any employee, contractor, or representative of Gibson, Dunn & Crutcher LLP.

That contains any of the following terms:

- "bomb cyclone,"
- "reliability" or "reliable,"
- "resiliency," "resilient," or "resilience,"
- "baseload," and
- "coal."

Your request was assigned to DOE's Office of the Executive Secretariat (ES) and Office of Electricity Delivery & Energy Reliability (OE) to conduct a search of their files for responsive documents. Additionally, you were informed portions of your request were transferred to the National Energy Technology Laboratory (NETL). DOE started its search on April 18, 2018, which is the cut-off date for responsive documents.

On December 21, 2018, DOE sent you a first partial response, which consisted of thirteen (13) responsive documents.

DOE has identified an additional two hundred and eighteen (218) documents responsive to your request. The documents are being released to you as described in the accompanying index. This letter will serve as our final response.

Additionally, please note that Document 211 of document set Number Three contains an excel worksheet attachment that we are attaching to the electronic submission of this letter in its native excel (.xlsx) format.

Upon review, DOE has determined that certain information should be withheld from the document pursuant to Exemptions 4, 5, and 6 of the FOIA, 5 U.S.C. § 552(b)(4), (b)(5), and (b)(6).

Exemption 4 of the FOIA protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). This exemption is intended to protect the interests of both the government and submitters of information. This

exemption affords protection to submitters who provide commercial or financial information to the government by safeguarding them from the competitive disadvantages that could result from disclosure. The exemption covers two broad categories of information in Federal agency records: 1) trade secrets, and 2) information that is (a) commercial or financial, and (b) obtained from a person, and (c) privileged or confidential.

Portions of the enclosed documents that are withheld pursuant to Exemption 4 include sensitive commercial and financial information that is maintained in confidence by companies. Commercial and financial information being withheld includes certain coal plant business costs. Public disclosure of this information would be likely to cause substantial harm to the respective companies' competitive interests. Specifically, disclosing this commercial and financial information could provide an unfair advantage to competitors and may affect the valuation of the company. Furthermore, disclosure may curtail companies from providing such information to the government in the future. For these reasons, this information is being withheld.

In *Critical Mass*, the court drew a distinction between information that was voluntarily submitted to a federal agency versus an involuntary submission of information. *Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992) (en banc). Under *Critical Mass*, voluntarily submitted information is categorically protected as "confidential information" provided it is information that is not "customarily disclosed" to the general public by the submitter. In this case, news reporting companies submitted reporting and analysis to DOE on a voluntary basis. This information was analyzed pursuant to the voluntary prong of the *Critical Mass* test.

The voluntarily submitted information withheld under Exemption 4 consists of proprietary information that is maintained in confidence by the submitter companies and that is not customarily released to the general public. The information consists of reporting and analysis that is only available to subscribing members via a subscription with the appropriate company. Specifically, IHS Markit Connect, DTC Research, and EBW Analytics Group require an individual to subscribe to their services via a payment plan (monthly or yearly), which enables the individual to view IHS Markit Connect, DTC Research, and EBW Analytics Group articles and information.

Specifically, the EBW Analytics Group subscription email contains a disclaimer:

> "All rights with respect to the copyright of the materials herein, including, without limitation, all rights to display, select, coordinate, arrange, enhance, modify, remove, alter, copy, create derivative works from, transmit and distribute it, whether in whole or in part, belong to EBN, and this material may not be copied without the written consent of EBN. No part of this publication may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying or recording, or by any information storage or retrieval system without the permission of EBN. Authorized recipients may not lend, sell or otherwise transfer this publication (or the information contained therein or parts thereof) to any unauthorized person without EBN's prior written consent."

3

Additionally, the DTC Research subscription emails contain the following disclaimer: "This transmission is meant for the sole use of those clients on DTC's distribution list. Unauthorized reproduction and/or distribution is prohibited." For the reasons stated above, the information in the IHS Markit Connect, DTC Research, and EBW Analytics Group subscription emails is being withheld under Exemption 4 of the FOIA.

Exemption 5 protects from mandatory disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency...." 5 U.S.C. § 552(b)(5). Exemption 5 incorporates the deliberative process privilege and the attorney-client privilege. The deliberative process privilege protects recommendations, advice, and opinions that are part of the process by which agency decisions and polices are formulated. The information withheld under this privilege consists of inter-agency pre-decisional information.

Certain information withheld under Exemption 5 has been deemed pre-decisional and deliberative in nature, including draft versions of documents and pre-decisional discussions between DOE staff. The DOE may consider these preliminary views as part of the process that will lead to the agency's final decision about these matters. The information does not represent a final agency position, and its release would compromise the deliberative process by which the government makes its decisions. Withholding this information protects the candor of intra and inter-agency communications, and prevents confusion to the public that could results from disclosing alternative rationales for agency decisions. Thus, these documents are being withheld in part under Exemption 5 of the FOIA.

With respect to the discretionary disclosure of deliberative information, the quality of agency decisions would be adversely affected if frank, written discussion of policy matters were inhibited by the knowledge that the content of such discussion might be made public. For this reason, DOE has determined that discretionary disclosure of the deliberative material is not in the public interest because foreseeable harm could result from such disclosure.

Exemption 5 also incorporates the attorney-client privilege, which protects confidential attorney-client communications that relate to a legal matter for which the client has sought professional advice. The privilege usually protects a client's disclosure to an attorney, but extends to an attorney's opinion based on those disclosures, and to communications between attorneys that reflect client-supplied information. The material withheld includes documents that contain attorney-client communications and legal advice provided by DOE attorneys.

Release of information exchanged between attorneys and clients would result in less open discussions between them, and attorneys would not be able to adequately advise and represent their clients. Sound legal advice and advocacy serve the public interest and such advice and advocacy depend upon attorneys being fully informed by their clients and being able to communicate with them. Such disclosure could have chilling effect on the willingness of attorneys to make honest and open evaluations and recommendations in the future. For these reasons discretionary disclosure of the information withheld under the attorney-client privilege is not being made. Disclosure would be harmful to the integrity of governmental decision-making processes, and could stifle future communications between clients and attorneys.

Exemption 6 is generally referred to as the "personal privacy" exemption; it provides that the disclosure requirements of FOIA do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In applying Exemption 6, the DOE considered: 1) whether a significant privacy interest would be invaded; 2) whether the release of the information would further the public interest by shedding light on the operations or activities of the Government; and 3) whether in balancing the privacy interests against the public interest, disclosure would constitute a clearly unwarranted invasion of privacy.

The information withheld under Exemption 6 consists of personal email addresses, cell phone numbers, teleconference numbers and access codes, personal matters of individuals, and other personal information. This information qualifies as "similar files" because it is information in which an individual has a privacy interest. Moreover, releasing the information could subject the individuals to unwarranted or unsolicited communications. Since no public interest would be served by disclosing this information, and since there is a viable privacy interest that would be threatened by such disclosure, Exemption 6 authorizes withholding the information. Therefore, we have determined that the public interest in the information's release does not outweigh the overriding privacy interests in keeping it confidential.

This satisfies the standard set forth in the Attorney General's March 19, 2009, memorandum that when a FOIA request is denied, agencies will be defended and justified in not releasing the material on a discretionary basis "if (1) the agency reasonably foresees that disclosure will harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law." The Attorney General's memorandum also provides that whenever full disclosure of a record is not possible, agencies "must consider whether they can make a partial disclosure." Thus, we have determined that, in certain instances, a partial disclosure is proper. This also satisfies DOE's regulations at 10 C.F.R. § 1004.1 to make records available which it is authorized to withhold under 5 U.S.C. § 552 when it determines that such disclosure is in the public interest. Accordingly, we will not disclose this information.

Pursuant to 10 C.F.R. § 1004.7(b)(2), I am the individual responsible for the determination to withhold the information described above. The FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). As a result, a redacted version of the documents is being released to you in accordance with 10 C.F.R. §1004.7(b)(3).

This decision, as well as the adequacy of the search, may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-1, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your appeal by e-mail to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line. The appeal must contain all the elements required by 10 C.F.R § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either (1) in the district where you reside, (2) where you have

your principal place of business, (3) where DOE's records are situated, or (4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public Information, at 202-586-5955, or by mail at MA-46/Forrestal Building, 1000 Independence Avenue, S.W., Washington, D.C. 20585, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

The FOIA provides for the assessment of fees for the processing of requests. *See* 5 U.S.C. § 552(a)(4)(A)(i); *see also* 10 C.F.R. § 1004.9(a). In our April 16, 2018, letter, you were advised that your request was placed in the "other" category for fee purposes. Requesters in this category are entitled to two (2) free hours of search time and are provided 100 pages at no cost. In that same letter, you were informed that your request for a fee waiver was granted. Therefore, no fees will be charged for the processing of your request.

If you have questions about the processing of the request or this letter, please contact Mr. Nicholas Mantzaris of this office at

    MA-46/Forrestal Building
    1000 Independence Avenue, S.W.
    Washington, D.C. 20585
    (202) 586-9804

I appreciate the opportunity to assist you with this matter.

        Sincerely,

        Alexander C. Morris
        FOIA Officer
        Office of Public Information

Enclosures

## INDEX

### Request #:  HQ-2018-00901-F

**Final response to the request from Mr. Benjamin Levitan for:**

Environmental Defense Fund ("EDF") respectfully requests records . . .
concerning the initiation, preparation, drafting, publishing, and distribution
of "Reliability, Resilience and the Oncoming Wave of Retiring Baseload
Units," authored by the National Energy Technology Laboratory ("NETL")
and released to the public on March 27, 2018[.]

Specifically, EDF requests that DOE search the records of NETL for
correspondence regarding the NETL Report or the topics discussed therein.
For this request, we request that DOE search the records of the following
custodians:
- Peter Balash;
- Ken Kern;
- John Brewer;
- Justin Adder;
- Christopher Nichols;
- Gavin Pickenpaugh;
- Erik Shuster; and
- Any other NETL employee or contractor involved in
  initiating, preparing, drafting, publishing, or distributing
  the NETL Report.

For correspondence with:

- Rick Perry, Secretary of Energy;
- Dan Brouillette, Deputy Secretary;
- Brian McCormack, Chief of Staff;
- Catherine Jereza, Principal Deputy Assistant Secretary,
  Office of Electricity Delivery and Energy Reliability;
- Patricia Hoffman, Deputy Assistant Secretary, Office of
  Electricity Delivery and Energy Reliability;
- Paul Dabbar, Under Secretary for Science and Energy;
- Bruce Walker, Assistant Secretary of Office of Electricity
  and Energy Reliability;
- Steve Winberg, Assistant Secretary of Fossil Energy;
- Travis Fisher, former Senior Advisor at DOE;
- Any employee, contractor or representative of FirstEnergy;
  and
- Any employee, contractor, or representative of Gibson,
  Dunn & Crutcher LLP.

**That contains any of the following terms:**

- **"bomb cyclone,"**
- **"reliability" or "reliable,"**
- **"resiliency," "resilient," or "resilience,"**
- **"baseload," and**
- **"coal."**

DOE has identified two hundred and eighteen (218) additional documents responsive to your request

- Seventy-nine (79) documents *are being released in full.*
- One-hundred and thirty-nine (139) documents *are being released in part pursuant to Exemptions 4, 5, and/or 6.*

# EXHIBIT B



**Department of Energy**
Washington, DC 20585

APR 3 0 2019

Benjamin Levitan
Environmental Defense Fund
1875 Connecticut Avenue, NW
Washington, DC 20009

Via email: blevitan@edf.org

Re: HQ-2018-00900-F

Dear Mr. Levitan,

This is in partial response to the request for information that you sent to the Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You requested:

> Environmental Defense Fund ("EDF") respectfully requests records...concerning the Department's use of its emergency authority under the Federal Power Act.

> EDF requests that DOE search the records of specific individuals within the Department for any correspondence (external or internal) regarding DOE's potential use and consideration of its emergency authority to assist coal and Nuclear plants. This request includes all external and internal correspondence sent from or received by the following individuals [hereinafter "custodians"]:

> * Rick Perry, Secretary of Energy,
> * Dan Brouillette, Deputy Secretary,
> * Brian McCormack, Chief of Staff,
> * Catherine Jereza, Principal Deputy Assistant Secretary, Office of Electricity Delivery and Energy Reliability,
> * Patricia Hoffman, Deputy Assistant Secretary, Office of Electricity Delivery and Energy Reliability,
> * Paul Dabbar, Under Secretary for Science and Energy,
> * Bruce Walker, Assistant Secretary of Office of Electricity and Energy Reliability,
> * Steve Winberg, Assistant Secretary of Fossil Energy, and
> * Travis Fisher, former Senior Advisor,

> That contains any of the following terms:

> * "section 202," "sec. 202" "202(c)," or "202 (c),"
> * "824a,"
> * "Emergency authority," or "emergency order."

Additionally, EDF requests all correspondence between the custodians and:

- any employee, contractor, or representative of FirstEnergy Solutions,
- any employee, contractor, or representative of Gibson, Dunn & Crutcher LLP,
- Jeff Miller, and
- Corey Lewandowski.

EDF respectfully requests that DOE search records created or transmitted from January 1, 2018 through the date when DOE conducts its search for responsive records.

In an email to Ms. Anjelica Ruda, formerly of my office, on April 18, 2018, Mr. John Bullock of EDF agreed to amend the final paragraph of your request to:

"Additionally, EDF requests all correspondence between the custodians and

Any of the following persons:
- Rick C. Giannantonio (FirstEnergy Corp.)
- Jeffrey M. Jakubiak (Gibson, Dunn & Crutcher LLP)
- Jennifer C. Mansh (Gibson, Dunn & Crutcher LLP)
- Christopher Smith (Gibson, Dunn & Crutcher LLP)
- Corey Lewandowski
- Jeff Miller

AND

Anyone using an email address with any of the following domains:
- '@firstenergycorp.com'
- '@gibsondunn.com'
- '@hunton.com,' '@huntonAK.com' (Lobbyist for FirstEnergy)
- '@hklaw.com' (Lobbyist for FirstEnergy)"

Your request was assigned to DOE's Office of the Executive Secretariat (ES), Office of Fossil Energy (FE) and Office of Electricity Delivery and Energy Reliability (OE) to search for any documents responsive to your request. The search started on August 8, 2018, which is the cutoff date for responsive documents. On October 30, 2018, DOE provided a partial response.

At this time, DOE has identified twelve (12) additional documents responsive to your request. The documents are being provided to you as described in the accompanying index. DOE is continuing to process your request for additional responsive documents, which will be provided to you in a subsequent response.

Upon review, DOE has determined that certain information in the documents should be withheld pursuant to Exemptions 5 and 6 of the FOIA, 5 U.S.C. § 552(b)(5) and (b)(6).

Exemption 5 of the FOIA protects from mandatory disclosure "inter-agency or intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency...." 5 U.S.C. § 552(b)(5). This exemption protects those documents normally privileged in the civil discovery process, such as attorney-client communications, attorney-work product documents, and pre-decisional, deliberative process material.

The deliberative process protects advice, recommendations, and opinions that are pre-decisional and part of the decision-making process of the Government. This privilege protects not merely documents, but also the integrity of the deliberative process itself where the exposure of that process, or an element thereof, would result in harm. The information being withheld as deliberative includes the recommendations and opinions of DOE personnel as well as exchanges between government employees and government representatives that do not reflect the Department's final policies and/or decisions. It is reasonably foreseeable that release of such information could cause the harm of chilling open and frank discussions, limit government personnel's range of options, and thus detract from the quality of Agency decisions.

Additionally, there is information in the records that contains communications involving a DOE attorney being withheld as attorney-client communications and legal advice. The attorney-client privilege protects a client's disclosure to an attorney and extends to an attorney's opinion based on those disclosures, and to communications between attorneys that reflect client-supplied information. For these reasons, DOE has determined that discretionary disclosure of the records containing attorney-client communications is not in the public interest because foreseeable harm could result from such disclosure.

With respect to the discretionary disclosure of deliberative information, the quality of agency decisions would be adversely affected if frank, written discussion of policy matters were inhibited by the knowledge that the content of such discussion might be made public. For this reason, DOE has determined that discretionary disclosure of the deliberative material is not in the public interest because foreseeable harm could result from such disclosure.

Exemption 6 is generally referred to as the "personal privacy" exemption; it provides that the disclosure requirements of FOIA do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In applying Exemption 6, DOE considered: 1) whether a significant privacy interest would be invaded; 2) whether the release of the information would further the public interest by shedding light on the operations or activities of the Government; and 3) whether in balancing the privacy interests against the public interest, disclosure would constitute a clearly unwarranted invasion of privacy.

The information withheld under Exemption 6 consists of the mobile phone numbers of individuals as well as other personal information. This information qualifies as "similar files" because it is information in which the individuals have a privacy interest. Moreover, releasing the information could subject the individuals to unwarranted or unsolicited communications. Since no public interest would be served by disclosing this information, and since there is a viable privacy interest that would be threatened by such disclosure, Exemption 6 authorizes withholding the information. Therefore, we have determined that the public interest in the

information's release does not outweigh the overriding privacy interests in keeping it confidential.

This satisfies the standard set forth in the Attorney General's March 19, 2009, memorandum that when a FOIA request is denied, agencies will be defended and justified in not releasing the material on a discretionary basis "if (1) the agency reasonably foresees that disclosure will harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law." The Attorney General's memorandum also provides that whenever full disclosure of a record is not possible, agencies "must consider whether they can make a partial disclosure." Thus, we have determined that, in certain instances, a partial disclosure is proper. This also satisfies DOE's regulations at 10 C.F.R. § 1004.1 to make records available which it is authorized to withhold under 5 U.S.C. § 552 when it determines that such disclosure is in the public interest. Accordingly, we will not disclose this information.

Pursuant to 10 C.F.R. §1004.7(b)(2), I am the individual responsible for the determination to withhold the information described above. The FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552 (b). As a result, a redacted version of the documents are being released to you in accordance with 10 C.F.R. § 1004.7(b)(3).

This decision may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R. § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-1, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your appeal to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line. The appeal must contain all of the elements required by 10 C.F.R. § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either: 1) in the district where you reside; 2) where you have your principal place of business; 3) where DOE's records are situated; or 4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public Information, at 202-586-5955, or by mail at MA-46/Forrestal Building, 1000 Independence Avenue, S.W., Washington, D.C. 20585, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

The FOIA provides for the assessment of fees for the processing of requests. *See* 5 U.S.C. § 552(a)(4)(A)(i); *see also* 10 C.F.R. § 1004.9(a). In DOE's letter of April 16, 2018, you were advised that your request was placed in the "other" requester category for fee purposes. Requesters in this category are entitled to two (2) free hours of search time and are provided 100

pages at no cost. In that same letter you were granted a fee waiver, thus there will be no charge for processing your request.

DOE is continuing to process your request. If you have any questions about the processing of the request or this letter, you may contact Ms. Auborn Finney or me at:

> MA-46/ Forrestal Building
> 1000 Independence Avenue, S.W.
> Washington, DC 20585
> (202) 586-5955

I appreciate the opportunity to assist you with this matter.

Sincerely,

Alexander C. Morris
FOIA Officer
Office of Public Information

Enclosure

**INDEX**

**Request #:  HQ-2018-00900-F**

**Second partial response to request from Mr. Ben Levitan for the following:**

Environmental Defense Fund ("EDF") respectfully requests records…concerning the Department's use of its emergency authority under the Federal Power Act.

EDF requests that DOE search the records of specific individuals within the Department for any correspondence (external or internal) regarding DOE's potential use and consideration of its emergency authority to assist coal and Nuclear plants. This request includes all external and internal correspondence sent from or received by the following individuals [hereinafter "custodians"]:

- Rick Perry, Secretary of Energy,
- Dan Brouillette, Deputy Secretary,
- Brian McCormack, Chief of Staff,
- Catherine Jereza, Principal Deputy Assistant Secretary, Office of Electricity Delivery and Energy Reliability,
- Patricia Hoffman, Deputy Assistant Secretary, Office of Electricity Delivery and Energy Reliability,
- Paul Dabbar, Under Secretary for Science and Energy,
- Bruce Walker, Assistant Secretary of Office of Electricity and Energy Reliability,
- Steve Winberg, Assistant Secretary of Fossil Energy, and
- Travis Fisher, former Senior Advisor,

That contains any of the following terms:

- "section 202," "sec. 202" "202(c)," or "202 (c),"
- "824a,"
- "Emergency authority," or "emergency order."

Additionally, EDF requests all correspondence between the custodians and:

- any employee, contractor, or representative of FirstEnergy Solutions,
- any employee, contractor, or representative of Gibson, Dunn & Crutcher LLP,
- Jeff Miller, and
- Corey Lewandowski.

EDF respectfully requests that DOE search records created or transmitted from January 1, 2018 through the date when DOE conducts its search for responsive records.

**In an email to Ms. Anjelica Ruda, formerly of my office, on April 18, 2018, Mr. John Bullock of EDF agreed to amend the final paragraph of your request to:**

**"Additionally, EDF requests all correspondence between the custodians and**

**Any of the following persons:**
- **Rick C. Giannantonio (FirstEnergy Corp.)**
- **Jeffrey M. Jakubiak (Gibson, Dunn & Crutcher LLP)**
- **Jennifer C. Mansh (Gibson, Dunn & Crutcher LLP)**
- **Christopher Smith (Gibson, Dunn & Crutcher LLP)**
- **Corey Lewandowski**
- **Jeff Miller**

**AND**

**Anyone using an email address with any of the following domains:**
- **'@firstenergycorp.com'**
- **'@gibsondunn.com'**
- **'@hunton.com,' '@huntonAK.com' (Lobbyist for FirstEnergy)**
- **'@hklaw.com' (Lobbyist for FirstEnergy)"**

At this time, DOE has identified twelve (12) documents responsive to your request.

- Four (4) documents *are being released in their entirety.*
- Four (4) documents *are being released in part pursuant to Exemption (b)(6).* Exemption 6 information consists of mobile phone numbers.
- Four (4) documents *are being released in part pursuant to Exemptions (b)(5) and (b)(6).* Exemption 5 information consists of pre-decisional and deliberative comments and assessments and attorney-client communications. Exemption 6 information consists of mobile phone numbers and personal information.

# EXHIBIT C



**Department of Energy**
Washington, DC 20585

Ms. Lauren Hogrewe
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612

.APR 3 0 2019

Via email: lauren.hogrewe@sierraclub.org

Re: HQ-2018-00883-F

Dear Ms. Hogrewe:

This is a partial response to the request for information you sent to the Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You requested:

> DOE communications: NETL Report, "Reliability, Resilience, and the Oncoming Wave of Retiring Baseload Units, Volume I: The Critical Role of Thermal Units During Extreme Weather Events."

> 1. All emails, text messages, faxes, voice mails, and other form of communications between officials and staff at DOE and any of its subunits such as NETL, and any outside entity or individual concerning or related to the NETL Report, or any topics evaluated in that Report. We request that records be searched for all DOE officials and staff with any involvement in the NETL Report, including but not limited to Secretary Rick Perry, Brian McCormack, Dan Brouillette, Travis Fisher, Peter Balash, John Brewer, Kenneth C. Kern, Chris Nichols, Justin Adder, Gavin Pickenpaugh, and Erik Shuster, ("DOE and NETL Personnel").

> 2. All calendars, whether electronic or in paper format, of the above-listed DOE and NETL personnel for the time period starting January 1, 2018, through the present.

> 3. All sign-in sheets or other records memorializing attendance at any meetings with the DOE and NETL Personnel for the above-listed time period at which a person outside of DOE was in attendance.

Your request was assigned to DOE's Office of the Executive Secretariat (ES) and Office of Electricity Delivery & Energy Reliability (OE) to conduct a search of their files for responsive documents. Additionally, you were informed portions of your request were transferred to the



National Energy Technology Laboratory (NETL). DOE started its search on April 18, 2018, which is the cut-off date for responsive documents.

NETL responded to your request on July 18, 2018, with four hundred twenty-nine (429) pages of responsive documents. DOE subsequently reprocessed one hundred and forty-two (142) pages of those responsive documents. On December 21, 2018, DOE sent you the one hundred and forty-two (142) pages of reprocessed documents, which consisted of thirteen (13) documents, in a first partial response. On January 8, 2019, DOE sent you a second partial response, which consisted of one (1) responsive document. On March, 19, 2019, DOE sent you a third partial response, which consisted of one (1) responsive document.

At this time, DOE has identified two hundred and eighteen (218) additional documents responsive to your request. The documents are being released to you as described in the accompanying index.

Additionally, please note that Document 211 of document set Number Three contains an excel worksheet attachment that we are attaching to the electronic submission of this letter in its native excel (.xlsx) format.

Upon review, DOE has determined that certain information should be withheld from the document pursuant to Exemptions 4, 5, and 6 of the FOIA, 5 U.S.C. § 552(b)(4), (b)(5), and (b)(6).

Exemption 4 of the FOIA protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). This exemption is intended to protect the interests of both the government and submitters of information. This exemption affords protection to submitters who provide commercial or financial information to the government by safeguarding them from the competitive disadvantages that could result from disclosure. The exemption covers two broad categories of information in Federal agency records: 1) trade secrets, and 2) information that is (a) commercial or financial, and (b) obtained from a person, and (c) privileged or confidential.

Portions of the enclosed documents that are withheld pursuant to Exemption 4 include sensitive commercial and financial information that is maintained in confidence by companies. Commercial and financial information being withheld includes certain coal plant business costs. Public disclosure of this information would be likely to cause substantial harm to the respective companies' competitive interests. Specifically, disclosing this commercial and financial information could provide an unfair advantage to competitors and may affect the valuation of the company. Furthermore, disclosure may curtail companies from providing such information to the government in the future. For these reasons, this information is being withheld.

In *Critical Mass*, the court drew a distinction between information that was voluntarily submitted to a federal agency versus an involuntary submission of information. *Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992) (en banc). Under *Critical Mass*, voluntarily submitted information is categorically protected as "confidential information" provided it is information that is not "customarily disclosed" to the general public by the submitter. In this

case, news reporting companies submitted reporting and analysis to DOE on a voluntary basis. This information was analyzed pursuant to the voluntary prong of the *Critical Mass* test.

The voluntarily submitted information withheld under Exemption 4 consists of proprietary information that is maintained in confidence by the submitter companies and that is not customarily released to the general public. The information consists of reporting and analysis that is only available to subscribing members via a subscription with the appropriate company. Specifically, IHS Markit Connect, DTC Research, and EBW Analytics Group require an individual to subscribe to their services via a payment plan (monthly or yearly), which enables the individual to view IHS Markit Connect, DTC Research, and EBW Analytics Group articles and information.

Specifically, the EBW Analytics Group subscription email contains a disclaimer:

> "All rights with respect to the copyright of the materials herein, including, without limitation, all rights to display, select, coordinate, arrange, enhance, modify, remove, alter, copy, create derivative works from, transmit and distribute it, whether in whole or in part, belong to EBN, and this material may not be copied without the written consent of EBN. No part of this publication may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying or recording, or by any information storage or retrieval system without the permission of EBN. Authorized recipients may not lend, sell or otherwise transfer this publication (or the information contained therein or parts thereof) to any unauthorized person without EBN's prior written consent."

Additionally, the DTC Research subscription emails contain the following disclaimer: "This transmission is meant for the sole use of those clients on DTC's distribution list. Unauthorized reproduction and/or distribution is prohibited." For the reasons stated above, the information in the IHS Markit Connect, DTC Research, and EBW Analytics Group subscription emails is being withheld under Exemption 4 of the FOIA.

Exemption 5 protects from mandatory disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency...." 5 U.S.C. § 552(b)(5). Exemption 5 incorporates the deliberative process privilege and the attorney-client privilege. The deliberative process privilege protects recommendations, advice, and opinions that are part of the process by which agency decisions and polices are formulated. The information withheld under this privilege consists of inter-agency pre-decisional information.

Certain information withheld under Exemption 5 has been deemed pre-decisional and deliberative in nature, including draft versions of documents and pre-decisional discussions between DOE staff. The DOE may consider these preliminary views as part of the process that will lead to the agency's final decision about these matters. The information does not represent a final agency position, and its release would compromise the deliberative process by which the government makes its decisions. Withholding this information protects the candor of intra and inter-agency communications, and prevents confusion to the public that could result from

disclosing alternative rationales for agency decisions. Thus, these documents are being withheld in part under Exemption 5 of the FOIA.

With respect to the discretionary disclosure of deliberative information, the quality of agency decisions would be adversely affected if frank, written discussion of policy matters were inhibited by the knowledge that the content of such discussion might be made public. For this reason, DOE has determined that discretionary disclosure of the deliberative material is not in the public interest because foreseeable harm could result from such disclosure.

Exemption 5 also incorporates the attorney-client privilege, which protects confidential attorney-client communications that relate to a legal matter for which the client has sought professional advice. The privilege usually protects a client's disclosure to an attorney, but extends to an attorney's opinion based on those disclosures, and to communications between attorneys that reflect client-supplied information. The material withheld includes documents that contain attorney-client communications and legal advice provided by DOE attorneys.

Release of information exchanged between attorneys and clients would result in less open discussions between them, and attorneys would not be able to adequately advise and represent their clients. Sound legal advice and advocacy serve the public interest and such advice and advocacy depend upon attorneys being fully informed by their clients and being able to communicate with them. Such disclosure could have chilling effect on the willingness of attorneys to make honest and open evaluations and recommendations in the future. For these reasons discretionary disclosure of the information withheld under the attorney-client privilege is not being made. Disclosure would be harmful to the integrity of governmental decision-making processes, and could stifle future communications between clients and attorneys.

Exemption 6 is generally referred to as the "personal privacy" exemption; it provides that the disclosure requirements of FOIA do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In applying Exemption 6, the DOE considered: 1) whether a significant privacy interest would be invaded; 2) whether the release of the information would further the public interest by shedding light on the operations or activities of the Government; and 3) whether in balancing the privacy interests against the public interest, disclosure would constitute a clearly unwarranted invasion of privacy.

The information withheld under Exemption 6 consists of personal email addresses, cell phone numbers, teleconference numbers and access codes, personal matters of individuals, and other personal information. This information qualifies as "similar files" because it is information in which an individual has a privacy interest. Moreover, releasing the information could subject the individuals to unwarranted or unsolicited communications. Since no public interest would be served by disclosing this information, and since there is a viable privacy interest that would be threatened by such disclosure, Exemption 6 authorizes withholding the information. Therefore, we have determined that the public interest in the information's release does not outweigh the overriding privacy interests in keeping it confidential.

This satisfies the standard set forth in the Attorney General's March 19, 2009, memorandum that when a FOIA request is denied, agencies will be defended and justified in not releasing the material on a discretionary basis "if (1) the agency reasonably foresees that disclosure will harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law." The Attorney General's memorandum also provides that whenever full disclosure of a record is not possible, agencies "must consider whether they can make a partial disclosure." Thus, we have determined that, in certain instances, a partial disclosure is proper. This also satisfies DOE's regulations at 10 C.F.R. § 1004.1 to make records available which it is authorized to withhold under 5 U.S.C. § 552 when it determines that such disclosure is in the public interest. Accordingly, we will not disclose this information.

Pursuant to 10 C.F.R. § 1004.7(b)(2), I am the individual responsible for the determination to withhold the information described above. The FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). As a result, a redacted version of the documents is being released to you in accordance with 10 C.F.R. §1004.7(b)(3).

This decision, as well as the adequacy of the search, may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-1, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your appeal by e-mail to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line. The appeal must contain all the elements required by 10 C.F.R § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either (1) in the district where you reside, (2) where you have your principal place of business, (3) where DOE's records are situated, or (4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public Information, at 202-586-5955 or by mail at MA-46/Forrestal Building 1000 Independence Avenue, S.W. Washington, D.C. 20585 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

The FOIA provides for the assessment of fees for the processing of requests. *See* 5 U.S.C. § 552(a)(4)(A)(i); *see also* 10 C.F.R. § 1004.9(a). In our April 16, 2018, letter, you were advised that your request was placed in the "other" category for fee purposes. Requesters in this category are entitled to two (2) free hours of search time and are provided 100 pages at no cost. In that same letter, you were informed that your request for a fee waiver had been granted. Thus, there will be no fees charged for processing your request.

5

DOE is continuing to process your request; however, if you have questions about the processing of the request or this letter, please contact Mr. Nicholas Mantzaris of this office at

> MA-46/Forrestal Building
> 1000 Independence Avenue, S.W.
> Washington, D.C. 20585
> (202) 586-9804

I appreciate the opportunity to assist you with this matter.

Sincerely,

Alexander C. Morris
FOIA Officer
Office of Public Information

Enclosures

6

## INDEX

### Request #: HQ-2018-00883-F

**Fourth partial response to the request from Ms. Lauren Hogrewe for:**

DOE communications: NETL Report, "Reliability, Resilience, and the Oncoming Wave of Retiring Baseload Units, Volume I: The Critical Role of Thermal Units During Extreme Weather Events."

1. All emails, text messages, faxes, voice mails, and other form of communications between officials and staff at DOE and any of its subunits such as NETL, and any outside entity or individual concerning or related to the NETL Report, or any topics evaluated in that Report. We request that records be searched for all DOE officials and staff with any involvement in the NETL Report, including but not limited to Secretary Rick Perry, Brian McCormack, Dan Brouillette, Travis Fisher, Peter Balash, John Brewer, Kenneth C. Kern, Chris Nichols, Justin Adder, Gavin Pickenpaugh, and Erik Shuster, ("DOE and NETL Personnel").

2. All calendars, whether electronic or in paper format, of the above-listed DOE and NETL personnel for the time period starting January 1, 2018, through the present.

3. All sign-in sheets or other records memorializing attendance at any meetings with the DOE and NETL Personnel for the above-listed time period at which a person outside of DOE was in attendance.

At this time, DOE has identified two hundred and eighteen (218) additional documents responsive to your request

- Seventy-nine (79) documents *are being released in full.*
- One-hundred and thirty-nine (139) documents are being released in part *pursuant to Exemptions 4, 5, and/or 6.*