Casey Roberts (SBN 253474)
SIERRA CLUB ENVIRONMENTAL LAW
    PROGRAM
1536 Wynkoop Street, Suite 200
Denver, CO 80202
Telephone: (303) 454-3355
Fax: (303) 572-0032
casey.roberts@sierraclub.org

Nathan Matthews (SBN 264248)
SIERRA CLUB ENVIRONMENTAL LAW
    PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
Telephone: (415) 977-5695
Fax: (510) 208-3140
nathan.matthews@sierraclub.org
**Counsel for Plaintiff Sierra Club**

Benjamin Michael Levitan (pro hac vice)
ENVIRONMENTAL DEFENSE FUND
1875 Connecticut Avenue, N.W. Suite 600
Washington, DC 20009
Telephone: (202) 572-3318
Fax: (202) 234-6049
blevitan@edf.org
**Counsel for Plaintiff Environmental Defense Fund**

DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7071
    Fax: (415) 436-6748
    robin.wall@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB and ENVIRONMENTAL DEFENSE FUND,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br><br>    Defendant. | CASE NO. 18-cv-04715-TSH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         May 16, 2019<br>Time:        10:00 a.m.<br>Courtroom:  A, 15th Floor<br>Address:     U.S. District Courthouse<br>                  450 Golden Gate Avenue<br>                  San Francisco, California<br><br>Hon. Thomas S. Hixson |

# JOINT CASE MANAGEMENT STATEMENT

Pursuant to the February 19, 2019, Order continuing the case management conference (ECF 31) and the November 1, 2018, Standing Order for All Judges of the Northern District of California, the parties submit this joint case management statement in advance of the upcoming May 16, 2019, case management conference.

**1.      Jurisdiction and Service.**

Plaintiffs Sierra Club and Environmental Defense Fund ("Plaintiffs") assert jurisdiction in this Freedom of Information Act action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendant U.S. Department of Energy ("Defendant") has been served.

**2.      Statement of Facts.**

Plaintiffs allege that Defendant has failed to comply with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), by failing to produce agency records responsive to the following four (4) FOIA requests submitted to the Defendant by the Plaintiffs:  March 30, 2018, FOIA Request (HQ-2018-00883-F) ("883-F Request"); April 4, 2018, FOIA Request (HQ-2018-00900-F) ("900-F Request"); April 4, 2018, FOIA Request (HQ-2018-00901-F) ("901-F Request"); and April 20, 2018 FOIA Request (HQ-2018-00985-F) ("985-F Request").  The requests relate generally to Defendant's potential uses of emergency statutory authority relating to the electric system.  Plaintiffs submitted the four FOIA requests on the above-listed dates.  As of August 6, 2018, when Plaintiffs filed their complaint, Defendant had made only one interim response to one of the FOIA requests.

As of the time of this filing, Defendant has completed its response to the 985-F and 901-F Requests.  Defendant has made partial productions in response to the 883-F and 900-F Requests, but has not yet completed those productions.

Defendant states that it continues to work to complete its response to Plaintiffs' two outstanding FOIA requests.  As of the date of this filing, Defendant has identified 1,147 pages remaining for review and potential production in response to the 883-F Request; and 1,405 pages remaining for review and potential production in response to the 900-F Request.  These page counts may include pages that Defendant ultimately determines are not responsive or are duplicates of pages already produced.

Defendant initially expected to complete its responses to the 883-F Request and 901-F Request

on or before November 19, 2018, and to the 900-F Request on or before December 21, 2018.  On December 19, 2018, Defendant informed Plaintiffs that it expected to complete its response to the 900-F and 901-F Requests on or before April 30, 2019, and to the 883-F Request on or before May 31, 2019.  By stipulation dated February 25, 2019, the parties agreed to a "binding and enforceable" production deadline for all the remaining FOIA requests of April 30, 2019.  ECF 32.  On April 18, 2019, Defendant informed Plaintiffs that it would complete its production (1) in response to the 901-F Request by April 30, 2019; (2) in response to the 900-F Request by May 31, 2019; and (3) in response to the 883-F Request by June 17, 2019.

The parties met and conferred by email and telephone regarding Defendant's failure to meet the stipulated April 30, 2019, production deadline; and on May 1, 2019, Plaintiffs filed a motion to compel production.  ECF 33.  The Court denied that motion on May 2, 2019, and ordered the parties to meet and confer on May 9, 2019, at 11 a.m.  The parties met in person in Courtroom A pursuant to the Court's order.  Counsel for all parties discussed a potential compromise, but Defendant did not make available anyone with authority to accept it, and the meeting did not yield an agreement.  The parties continue to discuss a potential resolution.

Otherwise, Defendant denies Plaintiffs' allegations.

**3.    Legal Issues.**

Plaintiffs' Complaint for Declaratory and Injunctive Relief raises a number of issues, including:

(1) whether Defendant violated FOIA, 5 U.S.C. § 552, by failing to produce records in response to Plaintiffs' four FOIA requests; and

(2) whether Plaintiffs are entitled to declaratory and injunctive relief.

**4.    Motions.**

The parties anticipate that any issues that cannot be resolved between the parties will be submitted to the Court via joint letter brief or cross-motions for summary judgment.  Such issues may include whether Defendant has conducted an adequate search for responsive records; the propriety of any claims by Defendant that any records, or portions thereof, are exempt from disclosure; and the timeliness of Defendant's productions.   Plaintiffs anticipate filing a joint letter brief or motion for summary judgment shortly seeking a Court-ordered schedule for production of the remaining

1 documents.

**5.      Amendment of Pleadings.**

At this time, the parties do not anticipate amending the pleadings.

**6.      Evidence Preservation.**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7.      Disclosures.**

At this time the parties do not anticipate the need for discovery in this FOIA action and respectfully request that the Court excuse the parties from the exchange of initial disclosures pursuant to Federal Rule of Civil Procedure 26.

**8.      Discovery.**

The parties do not anticipate the need for discovery in this FOIA action at this time.  The parties note that discovery is generally limited in FOIA actions.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents").  The parties maintain that Plaintiffs' motion to compel production, ECF 33, pertained to a substantive issue in this case, rather than a discovery dispute, and is not inconsistent with this paragraph.

**9.      Class Actions.**

Not applicable.

**10.     Related Cases.**

None.

**11.     Relief.**

Plaintiffs seek declaratory and injunctive relief with respect to the search, release, and disclosure of requested agency records, as well as attorneys' fees and costs.

Defendant states that Plaintiffs are not entitled to any relief.

**12.     Settlement and ADR.**

The parties met and conferred regarding defendant's failure to meet the stipulated April 30,

JOINT CASE MANAGEMENT STATEMENT
18-CV-04715 TSH

2019, production deadline; and on May 1, 2019, Plaintiffs filed a motion to compel production. ECF 33. The Court denied that motion on May 2, 2019, and ordered the parties to meet and confer on May 9, 2019, at 11 a.m. The parties met in person in Courtroom A pursuant to the Court's order, but their efforts have yet to yield an agreement. The parties are continuing to discuss the production issue, and if they cannot reach agreement, they plan on submitting the issue to the Court by joint letter brief or motion for summary judgment.

**13. Consent to Magistrate Judge for all Purposes.**

The parties have consented to United States Magistrate Judge jurisdiction in this case.

**14. Other References.**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

**15. Narrowing of Issues.**

The parties are working to resolve their disputes and narrow the issues (if any) to be presented to the Court for its resolution by joint letter brief or cross-motions for summary judgment.

**16. Expedited Trial Procedure.**

The parties do not believe that this case is appropriate for an expedited trial.

**17. Scheduling.**

As noted above, Plaintiffs intend to file a joint letter brief or motion for summary judgment to seek a binding production schedule by May 17, 2019, barring any material change in these proceedings. Regarding any other remaining issues, such as the adequacy of Defendant's production, the parties will propose, at an appropriate time, an agreed schedule for cross-motions for summary judgment to resolve any such remaining disputed issues that the parties cannot resolve themselves.

**18. Trial.**

At this time, the parties expect that any disputed issues will be resolved on joint letter brief or cross-motions for summary judgment and do not anticipate the need for trial in this FOIA action.

**19. Disclosure of Non-party Interested Entities or Persons.**

Plaintiffs have each filed a Certificate of Interested Entities or Persons certifying that there are no interests that must be disclosed pursuant to Civil Local Rule 3-15.

JOINT CASE MANAGEMENT STATEMENT
18-CV-04715 TSH

This requirement does not apply to the Defendant.

**20.   Professional Conduct.**

All attorneys of record for the Plaintiffs and Defendant have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 9, 2019
DAVID L. ANDERSON
United States Attorney

*/s/ Robin M. Wall*
ROBIN M. WALL
Assistant United States Attorney
Attorneys for Defendant

SIERRA CLUB

*/s/ Casey Roberts*
CASEY ROBERTS
NATHAN MATTHEWS
Attorneys for Plaintiff Sierra Club

ENVIRONMENTAL DEFENSE FUND

*/s/ Benjamin Michael Levitan*
BENJAMIN MICHAEL LEVITAN
Attorney for Plaintiff Environmental Defense Fund

## CERTIFICATION

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned hereby attests that Casey Roberts and Benjamin Michael Levitan have concurred in the filing of this document.

Dated: May 9, 2019
DAVID L. ANDERSON
United States Attorney

*/s/ Robin M. Wall*
ROBIN M. WALL
Assistant United States Attorney
Attorneys for Defendant